Mark T. Bennett, Esq. (SBN 89061)
Stephen J. Schultz, Esq. (SBN 90187)
Slovak Baron Empey Murphy & Pinkney LLP
2240 Fifth Ave.
San Diego, CA 92101
Telephone: (619) 501-4540

Ángel J. Valencia (D.C. Bar No. 1552471) (*Pro Hac Vice Application to be Filed*)
Milton L. Chappell (D.C. Bar No. 936153) (*Pro Hac Vice Application to be Filed*)
c/o NATIONAL RIGHT TO WORK LEGAL
DEFENSE FOUNDATION, INC.
8001 Braddock Road, Suite 600
Springfield, Virginia 22151
Telephone: (703) 321-8510

Attorneys for Plaintiffs and the Classes They Seek to Represent

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO LABARRERE, SAM DOROUDI, individually and as representatives of the requested classes,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY PROFESSIONAL AND TECHNICAL EMPLOYEES (UPTE), CWA 9119; JANET NAPOLITANO, in her official capacity as President of the University of California; XAVIER BECERRA, in his official capacity as Attorney General of California,,<br><br>Defendant. | Case No.: **'20CV0444 CAB WVG**<br><br>COMPLAINT –<br>CLASS ACTION<br><br>Constitutional Violation Action (42 U.S.C. § 1983), Declaratory Judgment, Injunctive Relief, Compensatory and Nominal Damages. |

1

# INTRODUCTION

1. On June 27, 2018, the Supreme Court held it unconstitutional for public-sector unions and employers to collect/deduct union dues or fees from public employees without their affirmative consent and a knowing waiver of their First Amendment rights. *Janus v. AFSCME, Council* 31, 138 S.Ct. 2448, 2486 (2018).

2. Plaintiffs Pablo Labarrere ("Labarrere") and Sam Doroudi ("Doroudi") work as Service Desk Analysts for UC San Diego Health, which is the academic health system of the University of California San Diego. The University of California San Diego, in turn, is part of the University of California System ("University").

3. Labarrere and Doroudi are employed in a bargaining unit represented by University Professional and Technical Employees, CWA 9119 ("UPTE").

4. After being notified of Labarrere's and Douroudi's decisions to revoke any prior dues deduction authorizations, the University and UPTE nonetheless continue to deduct and collect dues from their paychecks, in furtherance of a restrictive revocation policy.

5. UPTE and the University violate the First Amendment rights of Labarrere, Doroudi, and of the proposed class of public sector employees subject to the revocation policy, by deducting and collecting money from their wages without their voluntary, intelligent and knowing consent, thereby severely restricting the exercise of their First Amendment right under *Janus* not to subsidize unions.

6. Defendants maintain and enforce policies, including the dues deduction

provisions of the existing collective bargaining agreement between UPTE and the University. Under these policies, the university deducts and UPTE collects union dues from the wages of public employees, even from those who have notified UPTE of their resignation from union membership and revocation of their prior dues deduction authorizations.

7. Labarrere and Doroudi bring this civil rights action, pursuant to 42 U.S.C. § 1983, on behalf of themselves and all other similarly situated employees, seeking: (a) a judgment declaring the revocation restrictions and the deduction of union dues or fees without the employees' affirmative consent and knowing waiver of First Amendment rights are unconstitutional and unenforceable; (b) judgment declaring the restrictive revocation policy found in the dues deductions authorization, which limits employees' dues deductions revocation rights to a yearly 30-day escape period, violates the First Amendment and is null and void; (c) injunctive relief that prohibits the maintenance and enforcement of the unconstitutional policies, actions and provisions, along with compensatory and nominal damages; (d) judgment declaring the application of Cal. Educ. Code § 45060(a) as unconstitutional for violating the First Amendment; and (e) costs and attorneys' fees under 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

8. This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiffs Labarrere, Doroudi, and all class members by the

Constitution of the United States, particularly the First and Fourteenth Amendments.

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

10. This action is an actual controversy in which Plaintiffs Labarrere and Doroudi seek a declaration of their rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare Plaintiffs Labarrere's and Doroudi's rights and grant further necessary and proper relief based thereon, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and Defendants operate and do business in this judicial district.

## **PARTIES**

12. Plaintiffs Pablo Labarrere and Sam Doroudi reside and work in San Diego County, California.

13. Defendant University Professional and Technical Employees ("UPTE"), whose office is located at 7548 Trade St. San Diego, CA 92121 is a local public sector labor union within the meaning of Cal. Educ. Code § 45060(a). UPTE is the exclusive representative for collective bargaining purposes of thousands of public sector employees throughout the San Diego area. UPTE entered into a collective bargaining agreement with the University, which terms are enforced on bargaining unit members.

14. Defendant Janet Napolitano is sued in her official capacity as President of the

University of California, which is a public university system with multiple locations, including San Diego, California. Her address is 1111 Franklin St., 12th Floor, Oakland, CA 94607. As president, Defendant Napolitano is responsible for deducting dues from Labarrere and remitting them to UPTE.

15. Defendant Xavier Becerra is sued in his official capacity as Attorney General of the State of California. As Attorney General, he is the chief law officer charged with the enforcement of state laws, including Cal. Educ. Code § 45060(a), which is being challenged in the instant case as unconstitutional. His office address is 300 South Spring Street, Los Angeles, California 90013-1230.

## FACTUAL ALLEGATIONS

16. Since September 2019, Plaintiffs Pablo Labarrere and Sam Doroudi have worked as a Service Desk Analysts at the Information Services, Clinical and Business Technical Support Department of UC San Diego Health. Labarrere and Doroudi are public sector employees within the meaning of Cal. Educ. Code § 45060(a).

17. At all relevant times, Labarrere and Doroudi have been subject to the exclusive representation of UPTE and subject to the collective bargaining agreement between the University and UPTE.

18. During the new employees' orientation on September 9, 2019, Labarrere and Doroudi signed dues deduction authorization cards directing the University to deduct union dues from their wages. Labarrere and Doroudi did so at the express order of UPTE representatives, who conveyed that new employees —like them— were required

5

to complete and turn in the dues deduction forms. At the orientation, Labarrere, Doroudi, and others who attended, were made to believe that it was a condition of employment to either join the union as full members or pay forced fees as nonmembers.

19. On June 27, 2018, the Supreme Court in *Janus* held forced fee requirements unconstitutional and that public employees had a First Amendment right not to have any union dues or fees deducted from their wages without their affirmative consent and knowing waiver of their First Amendment rights. 138 S.Ct. at 2486.

20. Labarrere notified UPTE on December 6, 2019 in writing, of his resignation as a member of UPTE and that he did not consent to any further deductions of union dues or fees from his wages. UPTE responded in writing denying his request.

21. Doroudi notified UPTE on December 21, 2019 in writing, of his resignation as a member of UPTE and that he did not consent to any further deductions of union dues or fees from his wages. UPTE responded in writing denying his request.

22. In its relevant part, the dues deduction authorization form signed by Labarrere and Doroudi states:

> "…I direct UC to deduct membership dues from my monthly pay, and to transfer that money to UPTE…If I resign or have resigned my union membership and the law no longer requires nonmembers to pay a fair share fee, I nevertheless agree voluntarily to contribute my fair share by paying a service fee in an amount equal to dues. I understand that this voluntary service fee authorization shall renew each year on the anniversary of the date I sign below, unless I mail a signed revocation letter to UPTE's central office, postmarked between 75 days and 45 days before such annual renewal date."

23. The dues deduction authorization form does not contain any language informing potential signatories: (1) that they have a First Amendment right not to subsidize the union and its speech; or (2) that, by signing the cards, they are waiving their First Amendment right to not subsidize UPTE and its speech.

24. The restrictive revocation policy is enforced by the University that, in coordination with UPTE and at its behest, deducts union dues from employees' wages and remits those monies to UPTE pursuant to the terms of the collective bargaining agreement and the dues deduction authorization form. UPTE and the University have failed and refused to terminate the restrictive revocation policy after Labarrere's and Doroudi's notifications of revocation of consent for such deductions.

25. Pursuant to the restrictive revocation policy, Defendants continued to collect and deduct union dues from Labarrere, Doroudi, and other employees after they notified UPTE that they did not consent to paying union dues. Unless enjoined from so doing, UPTE and the University will continue to deduct and collect union dues from employees.

26. On information and belief, Defendants have enforced, and will continue to enforce, the restrictive revocation policy by deducting and collecting union dues from employees who notified UPTE that they do not consent to paying union dues.

## **CLASS ACTION ALLEGATIONS**

27. Plaintiffs Labarrere and Doroudi bring this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for

themselves and for all others similarly situated, and any subclasses deemed appropriate by this Court, as described in the following classes:

28. Plaintiffs Labarrere and Doroudi are the class representatives of the "Revocation Class", which consists of individuals: (a) who are University of California employees exclusively represented by UPTE or one of its affiliates for purposes of collective bargaining, (b) who resigned union membership and revoked their consent to the payment of any union dues, and (c) who had or are still having union dues deducted from their wages in spite of such resignation and revocation request. The class includes everyone who comes within the class definition at any time from the time of resignation from union membership and revocation of consent to the payment of dues.

29. Plaintiffs Labarrere and Doroudi are the class representatives of the "Full Dues Class", which consists of University of California employees exclusively represented by UPTE or one of its affiliates for purposes of collective bargaining who are subject or become subject to the restrictive revocation policy.

30. Upon information and belief, there are thousands of class members in each of the classes described above. Their number is so numerous that joinder is impractical. The precise number of class members is unknown to Labarrere, but it is clear that the number greatly exceeds the number to make joinder feasible.

31. There are questions of law and fact common to all Revocation and Full Dues class members. Factually, all have had union dues deducted from their wages and are or were subject to the same or similar restrictive revocation policy. For Labarrere,

Doroudi, and Full Dues class members, the dispositive legal question is whether Defendants' maintenance and enforcement of the restrictive revocation policy violates the First Amendment. For Labarrere, Doroudi, and Revocation class members, the dispositive legal question is whether the deduction and collection of full union dues from employees' wages subsequent to their resignation and revocation of dues deductions violates their rights under the First Amendment.

32. Labarrere's and Doroudi's claims and defenses are typical of the Full Dues class members' claims because they concern whether the restrictive revocation policy unlawfully restricts employees' First Amendment rights.

33. Labarrere's and Doroudi's claims and defenses are typical of the Revocation class members' claims because Defendants have seized and collected or are currently seizing and collecting dues from Labarrere and Revocation class members in violation of their First Amendment right to not subsidize union activity without their affirmative consent and known waiver of that First Amendment right, as recognized by the U.S. Supreme Court in *Janus v. AFSCME* on June 27, 2018.

34. Plaintiffs Labarrere and Doroudi can fairly and adequately represent the interests of both classes and has no conflict with other, similarly situated class members. Labarrere and Doroudi have no interest antagonistic to others who have been subjected by Defendants to the aforementioned restrictive revocation policy and dues deduction scheme.

35. Plaintiff Labarrere's and Doroudi's counsel has considerable experience

handling class actions and the types of claims asserted in the instant complaint. Moreover, Plaintiff Labarrere's and Doroudi's counsel is knowledgeable in the applicable law and possesses the necessary resources for committing to representing the class.

36. The Revocation Class identified above can be maintained under Federal Rule of Civil Procedure 23(b)(1)(A) because Defendants' duty to cease the union dues deductions and collections applies equally to Labarrere, Doroudi, and class members, and the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

37. The Revocation Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(B) because an adjudication determining the constitutionality of union dues deductions in the aforementioned circumstances as to one of the class members, as a practical matter, will be dispositive of the interests of all class members or would substantially impair or impede the other class members' ability to protect their interests.

38. The Revocation Class can be maintained under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted to deprive Labarrere, Doroudi, and class members of their constitutional rights on grounds generally applicable to all, thereby making declaratory, injunctive, and other equitable relief appropriate with regard to the class as a whole.

39. Alternatively, the Revocation Class can be maintained under Federal Rule of

Civil Procedure 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law or fact are common to all class members, i.e., whether the aforementioned dues deductions violate their First Amendment rights and whether the restrictive revocation policy constitutes a valid waiver of a constitutional right pursuant to *Janus v. AFSCME*.

40. The class action is superior to other available methods for the fair and efficient adjudication of the controversy, inasmuch as the individual respective class members are deprived of the same rights by Defendants' actions, differing only in the amount of money deducted. This fact is known to Defendants and easily calculated from Defendants' business records. The limited amount of money involved in the case of each individual's claim would make it burdensome for the respective class members to maintain separate actions.

41. The Full Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(A) because separate class actions by Full Dues class members could risk inconsistent adjudications that would establish incompatible standards of conduct for Defendants.

42. The Full Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(B) because an adjudication determining the constitutionality of Defendants' maintenance of the restrictive revocation policy will, as a practical matter, be dispositive of the interests of all Full Dues class members or substantially impair or

impede their ability to exercise their First Amendment rights.

43. The Full Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(2) because by maintaining and enforcing the restrictive revocation policy, Defendants have acted or refused to act on grounds that apply generally to members of the Full Dues Class, so that final injunctive or declaratory relief is appropriate for the Full Dues class as a whole.

## CAUSES OF ACTION

44. Plaintiffs Labarrere and Doroudi re-allege and incorporate by reference the paragraphs set forth above in this Complaint.

45. Under California law, "[a]ny revocation of a written authorization shall be in writing and shall be effective provided the revocation complies with the terms of the written authorization." Cal. Educ. Code § 45060(a). Defendants are acting under color of state law, Cal. Educ. Code § 45060(a), by maintaining and enforcing the restrictive revocation policy and by deducting/collecting union dues from public employees who have notified their union and/or their employer that they do not consent to paying union dues.

46. Labarrere and Doroudi are suing Defendants under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201 on behalf of themselves and the requested class.

# COUNT I

**(Full dues deductions without Plaintiffs' and Revocation class members' consent and waiver of First Amendment rights violate 42 U.S.C. § 1983 and the First and Fourteenth Amendments)**

47. Defendants' maintenance and enforcement of the restrictive revocation policy and deduction of union dues from the wages of Labarrere, Doroudi, and Revocation class members without the affirmative authorization and knowing waiver of First Amendment rights violates Labarrere's, Doroudi's, and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

48. Furthermore, Defendants' continued deduction and collection of union dues in spite of the decision to revoke any prior dues authorization violates Labarrere's, Doroudi's, and Revocation class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.SC. § 1983.

49. Under 42 U.S.C. § 1983, Labarrere, Doroudi, and all class members are entitled to have the enforcement of Cal. Educ. Code § 45060(a) declared unconstitutional for, in contravention of their First Amendment rights to free speech and association, allowing the imposition of Defendants' restrictive revocation policy and the deduction of dues from employees who do not affirmatively consent to such deductions.

50. The U.S. Supreme Court held that under the First Amendment, "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's

wages, nor may any other attempt be made to collect such payment, unless the employee affirmatively consents to pay." *Janus v. AFSCME, Council 31*, 138 S.Ct. at 2486.

51. The U.S. Supreme Court in *Janus* further held that an individual's consent to pay union dues requires a waiver of First Amendment rights. *Id.* In order to be effective, a waiver of First Amendment rights must be knowingly, clearly and voluntarily made.

52. Defendants did not obtain from Labarrere, Doroudi or Revocation class members a valid waiver of their First Amendment rights under *Janus* prior to the deduction of dues because, among other reasons the dues authorization form does not clearly inform employees that they have First Amendment rights not to financially support an exclusive representative. Nor does the dues authorization form expressly state that the employee agrees to waive or restrict his/her First Amendment rights to an annual thirty (30) day escape period.

53. Plaintiffs Labarrere, Doroudi, and Revocation class members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being subjected to Defendants' restrictive revocation policies, provisions and continued deductions of union dues.

## COUNT II

**(Defendants' Revocation Policy Deprives Plaintiffs, Full Dues Class Members and Revocation Class Members of their First Amendment Rights)**

54. Defendants' restrictive revocation policy prohibits or prohibited Labarrere, Doroudi, Full Dues class members, and Revocation class members from exercising their First Amendment rights under *Janus* to not subsidize a labor union and its speech.

55. Defendants did not obtain from Labarrere, Doroudi, Full Dues class members, or Revocation class members a valid waiver of their First Amendment rights under *Janus* because, among other reasons, the dues authorization form and Defendants' more restrictive revocation policy do not clearly inform employees that they have a First Amendment right not to financially support an exclusive representative. Nor do they expressly state that the employee agrees to waive or restrict his/her exercise of First Amendment rights to an annual thirty (30) day window period.

56. Defendants' restrictive revocation policy caused and continues to cause the deduction and collection of union dues from Labarrere, Doroudi, Full Dues class members, and Revocation class members who do not consent to paying union dues or having union dues deducted from their wages.

57. Defendants' maintenance and enforcement of their restrictive revocation policy deprives Labarrere, Doroudi, Full Dues class members, and Revocation class members of their First Amendment rights to free speech and association, as secured against infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs Labarrere and Doroudi request that this Court:

A. **Class Action:** Enter an order, as soon as practicable, certifying this case as a class action, certifying the classes as defined in the complaint, certifying Plaintiffs Labarrere and Doroudi as class representatives of both classes, and appointing Plaintiffs Labarrere's and Doroudi's counsel as class counsel for the classes;

B. **Declaratory Judgment:** (i) Enter a declaratory judgment that the restrictive revocation policies put in place by Defendants are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and unenforceable against Labarrere, the Revocation and Full Dues class members; and (ii) Enter a declaratory judgment that Defendants are violating Labarrere's, Doroudi's, and Revocation class members' First Amendment rights as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by collecting and deducting union dues from public employees who do not consent to paying union dues or who notify the union that they no longer consent to paying union dues.

C. **Injunctive Relief:** (i) Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from maintaining and enforcing their restrictive revocation policies and from collecting and deducting union dues from Labarrere, Doroudi, and other public employees who notify their union that they do not consent to

paying union dues; (ii) Permanently enjoin Defendant Napolitano from carrying out dues deductions —pursuant to the revocation policies— from Labarrere's, Doroudi's, and Revocation class members' paychecks; (iii) Order Defendants to reimburse Labarrere, Doroudi, and Revocation class members the amount of money equal to the unlawfully and improperly withheld union dues deducted and collected subsequent to their revocation of their union deduction authorizations, plus applicable interest, and (iv) permanently enjoin the Attorney General of the State of California from enforcing Cal. Educ. Code § 45060(a) and all other provisions of California law that allow for Defendants' restrictive revocation policy and the deduction of dues from employees who do not affirmatively consent to such deductions.

**D. Damages:** (i) Enter a judgment awarding Labarrere, Doroudi, and Revocation class members compensatory damages, refunds or restitution in the amount of union dues deducted or required to be paid, directly or indirectly, to UPTE from their wages without their affirmative and knowing consent; (ii) Enter a judgment awarding nominal damages to Labarrere, Doroudi, and Full Dues class members.

**E. Costs and Attorneys' Fees**: Award Plaintiffs Labarrere, Doroudi, and all class members their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988.

**F. Other Relief:** (i) Require UPTE to provide Plaintiffs Labarrere, Doroudi, and all class members with written notice that the revocation policies are unconstitutional and unenforceable and that they can exercise their First Amendment right to not pay

union dues without their consent at any time; and (ii) Grant other and additional relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

Dated: March 10, 2020

/s/ Mark T. Bennett
Mark T. Bennett

Slovak Baron Empey Murphy & Pinkney LLP


Ángel J. Valencia
(*Pro Hac Vice* to be applied for)
Milton L. Chappell
(*Pro Hac Vice* to be applied for)

Attorneys for Plaintiffs Pablo Labarrere, Sam Doroudi, and the Classes They Seek to Represent.